## STATE COURT OF APPEALS—Continued

No. 287
COLUMBUS, DEL. & MARION ELEC.
CO. v. EARLY
Ohio Appeals, 2nd Dist., Franklin County
No. 1121.   Decided March 27, 1924

480.   EVIDENCE—Insufficiency of evidence to support an averment distinguished from a total lack of evidence—Chemical Co. v. Smith, —8 OA. 361 construed.

BY THE COURT.
Epitomized Opinion
Published Only in Ohio Law Abstract

Early, as administrator, sued Eleceric Co. to recover damages for the death of E. S. Early, alleging as one of the grounds of negligence a defective pilot. The evidence failed to support this allegation by the verdict of the jury. The court held that it was not error to submit this issue to the jury, since the judgment might stand upon one or both of the other assignments of negligence. This is an application for a rehearing and a request to certify the case to the Supreme Court on the ground that it is in conflict with the decision in Chemical Co. v. Smith, 8OA. 361, that where a petition contains two allegations of negligence, but no evidence is offered supporting one of the allegations, it is error to permit both questions to be submitted to the jury. In refusing a rehearing, and overruling the motion to certify the record, the Court of Appeals held:

1. "Insufficiency of evidence to support an averment is quite different from a total lack of evidence. The decision in the Smith case involved a total lack of evidence as well as a total lack of averment upon one charge of negligence. In the case at bar, the charge of negligence in reference to defective construction of the pilot was properly submitted to the jury."

Attorneys—W. P. Moloney, for Electric Co.; Belcher & Connor and H. P. Nester, for Early; all of Columbus.

---

No. 288
LUNDQUIST v. HIGBEE CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4653.   Decided Nov. 19, 1923

489.   EXEMPTIONS—Right to claim exemptions may be lost by laches.

PER CURIAM.
Epitomized Opinion
Published Only in Ohio Law Abstract

Judgment was rendered in Cleveland Municipal Court against Lundquist, who thereafter claimed her exemptions of $500 in lieu of a homestead. These exemptions were refused by the trial court and it is sought to reverse the order of the court. The evidence disclosed that when the action was instituted, Lund-

quist was a resident of Chicago and that she was served while in Cleveland attending a law suit. She sought to have the service quashed, but was unsuccessful. The record does not show that she later established a residence in Ohio. The record also shows that the money realized from the sale of property in the hands of the court officers for 21 months, during which time she availed herself of every available motion and plea before claiming a homestead exemption. In affirming the judgment, the Court of Appeals held:

1. "One might easily come to the conclusion that there was doubt whether she was a resident of Ohio or not and entitled to the homestead exemption allowed to residents of Ohio."

2. "Under the circumstances we think there was such a delay that whatever may have been her rights in the beginning, they have been waived by laches upon her part. We think the court was right in refusing the exemptions."

Attorneys—Safran, Nuccio & Romano, for Lundquist; Simmons, DeWitt & Vilas, for Higbee Co.; all of Cleveland.

---

No. 289
KAZENAS v. WISNIAUSKAS
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4676.   Decided Dec. 23, 1923

941.   PROCEDURE—Where a petition in error is filed to reverse the overruling of a motion to strike off a cross claim while case is still pending in the lower court, the court may decline to make a ruling thereon.

VICKERY, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Kazenas sued Wisniauskas for damages for an alleged slander and the latter cross claimed, alleging Kazenas slandered her at another time. Kazenas filed a motion to have the cross claim stricken off as the alleged slanderous statements did not grow out of the same transaction, and upon the overruling of the motion, Kazenas filed a petition in error while the case was still pending below. The court held:

1. "I understand this suit was brought up here to get a ruling of this court as to whether slanderous statements, not growing out of the same transaction, may be alleged, in the counter claim, because cases of like nature are pending. Inasmuch as there is nothing before the court, the court shall refuse to make a ruling on the subject."

Attorneys—Gurney & Gurney, for Kazenas. Peskind, Perris, Leddon & Eddinger, for Wisniauskas.